IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL McCREA<br>22105 Libby Road, # 205D<br>Bedford Heights, Ohio 44146<br><br>    On behalf of himself and all others<br>    similarly situated<br><br>                              Plaintiff,<br><br>                            v.<br><br>LEVIN FURNITURE (SAM LEVIN INC)<br>301 Fitz Henry Road<br>Smithton, Pennsylvania, 15479<br><br>**Serve also:**<br>GL Administrative Service Co.,<br>Statutory Agent<br>30195 Chagrin Blvd # 300<br>Pepper Pike, Ohio, 44124<br><br>ROBERT LEVIN<br>5535 Forbes Avenue #G<br>Pittsburg, Pennsylvania, 15217<br><br>                          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COMPLAINT FOR**<br>**VIOLATIONS OF THE FAIR**<br>**LABOR STANDARDS ACT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff Michael McCrea ("McCrea") brings this action against Defendant Levin Furniture (Sam Levin Inc.) ("Levin Furniture"), seeking all available relief under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, McCrea's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based upon information and belief, or personal knowledge as to McCrea's own conduct and the conduct and acts of others.



## PARTIES AND VENUE

1. McCrea is an adult individual resident of the city of Bedford Heights, county of Cuyahoga, state of Ohio. McCrea consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

2. Levin Furniture is a foreign for-profit corporation lawfully licensed to conduct business in the state of Ohio, which maintains a place of business located at 23100 Broadway Avenue, Bedford, Ohio, 44146.

3. During all times material to this Complaint, Levin Furniture was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. Levin Furniture is, and at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of no less than $500,000.

5. At all times referenced herein, Levin was the owner, president, and CEO of Levin Furniture.

6. During all times material to this Complaint, Levin supervised and/or controlled McCrea and the putative class' employment with Levin Furniture, controlled its day to day operations, to

---

[1] McCrea's executed Consent to Sue form is attached hereto as Exhibit A.



include its pay and compensation policies, and acted directly or indirectly in the interest of Levin Furniture in relation its employees, and was an employer within the meaning of section 3(d) of the FLSA

7. During all times material to this Complaint, McCrea and the putative class members, as defined herein, were "employees" of Defendants within the meaning of 29 U.S.C. § 203(d).

8. The putative FLSA class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 31 of the Complaint.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McCrea and the putative class members are alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

10. This Court has personal jurisdiction over Levin Furniture because it is a is a foreign for-profit corporation lawfully licensed to conduct business in Ohio, maintains a facility in Ohio, and conducts business and employs employees in Ohio.

11. This Court has personal jurisdiction over Levin because at all times referenced in the Complaint, he maintained control, oversight, and direction over the operation of the Levin Furniture, including its employment practices with respect to employees based in Ohio and Pennsylvania.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Levin Furniture is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Levin Furniture has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Levin Furniture was registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio.

The Employee's Attorney.™ 

## FACTS
## (Plaintiff Michael McCrea)

13. McCrea is a current employee of Levin Furniture.

14. Levin Furniture initially hired McCrea as a helper, floater, and/or delivery driver in or around March of 2017.

15. Since his employment with Levin began, McCrea has worked between 41 and 55 hours per week on average.

16. McCrea was not and is not paid overtime at a rate of time and one-half his regular rate for time he worked in excess of 40 hours per week.

17. In addition to being denied overtime, McCrea was not paid for all hours worked as described in greater detail below.

## GENERAL ALLEGATIONS

18. At all times referenced herein, McCrea and others similarly situated were non-exempt from the minimum wage and overtime protections of the FLSA.

19. At all times referenced herein, McCrea and others similarly situated regularly worked greater than 40 hours per week.

20. The primary job duty of McCrea and those similarly situated was to deliver furniture to the homes and businesses of Levin Furniture customers.

21. McCrea and those similarly situated were paid a flat daily rate for each day they worked, without respect to how many hours they worked.

22. At all times referenced herein, Levin Furniture characterized the flat daily rate McCrea and those similarly situated earned as a "commission."

23. At times, McCrea and those similarly situated could earn a fixed, higher amount of "commissions" if they delivered a larger amount of furniture in a given day.

The Employee's Attorney.™ 

24. McCrea and those similarly situated were not paid overtime when they worked in excess of 40 hours per week.

25. Although McCrea and those similarly situated were purportedly paid "commissions," they were not subject to the retail sales exemption provided in 29 U.S. Code § 207(i).

26. The commissions Levin Furniture paid to McCrea and those similarly situated was and is not a bona fide commission because "the formula for computing the commissions is such that the employee, in fact, always or almost always earns the same fixed amount of compensation for each workweek" and because "the employee receives a regular payment constituting nearly his entire earnings which is expressed in terms of a percentage of the sales which the establishment or department can always be expected to make with only a slight addition to his wages based upon a greatly reduced percentage applied to the sales above the expected quota." *See* 29 C.F.R § 779.417(c).

27. McCrea and those similarly situated only performed intrastate deliveries, and could not be reasonably expected to travel out of state to perform their job duties.

28. During their respective periods of employment, McCrea and those similarly situated were not paid overtime at a rate on time and one-half for all time worked in excess of 40 in a given week.

29. At all times referenced herein, Defendants knew that they were required to pay McCrea and those similarly situated for all time worked.

30. At all times referenced herein, Defendants knew that they were required to pay McCrea and those similarly situated for all time worked or overtime at a rate of time and one half the regular rate of pay for all time worked in excess of 40 hours per week.

The Employee's Attorney.™ 

31. Despite its knowledge of its obligations to pay employees the proper wage for all hours worked, to include overtime, Defendants willfully and recklessly refused to pay McCrea and those similarly situated properly.

32. Defendants lacks a good faith or reasonable justification for failing to pay McCrea and those similarly situated properly for all hours worked, to include overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. McCrea restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

34. McCrea bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by Levin Furniture as helpers, floaters, and/or delivery drivers, who are or were not paid for all hours worked, and/or overtime compensation at a rate of one-and-one-half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

35. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because McCrea and the FLSA Class have been subjected to the common business practices referenced in paragraphs 15 through 29 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Levin Furniture's companywide practices failed to properly compensate the FLSA Class Members for all hours worked.

36. McCrea seeks to recover all wages owed to himself and the FLSA Class Members for unpaid regular and overtime hours worked, liquidated damages to the fullest extent allowable under the FLSA and Ohio Wage Law, all available equitable relief, including attorneys' fees and associated litigation costs.



**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION**

37. McCrea restates each and every prior paragraph of this Complaint, as if it were fully stated herein.

38. During all times material to this Complaint, Levin Furniture was an employer covered by the FLSA.

39. During all times material to this Complaint, McCrea and the FLSA Class Members were employees who were not exempt from overtime compensation under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional," or "retail sales" employees as defined under the FLSA, and were entitled to one-and-one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek.

40. During all times material to this Complaint, Levin Furniture violated the FLSA with respect to McCrea and the FLSA Class Members by, *inter alia*, failing to compensate them for all time worked in a workweek, where all time worked includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business and where the employer knew or should have known that the employee was spending the time at issue primarily for the employer's benefit.

41. During all times material to this Complaint, Levin Furniture violated the FLSA with respect to McCrea and the FLSA Class Members by, *inter alia*, failing to compensate them at one-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

42. During all times material to this complaint, Levin Furniture knew that McCrea and the FLSA Class Members were not exempt from the overtime obligations imposed by the FLSA. Levin Furniture also knew that it was required to pay McCrea and the FLSA Class Members overtime



compensation at a rate of one-and-one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Levin Furniture willfully withheld and failed to pay the FLSA Class Members for all time worked, including overtime compensation, to which McCrea and the FLSA Class Members were entitled.

43. In violating the FLSA, Levin Furniture acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

44. As a direct and proximate cause of Defendant's conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to McCrea and those similarly situated for the full amount of all unpaid wages and required overtime obligations, an additional equal amount as liquidated damages, as well as costs and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Micheal McCrea requests judgment against Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Levin Furniture, who work or have worked as non-exempt FLSA employees as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied payment for overtime hours worked at any time during the three (3) years preceding the filing of this action;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

The Employee's Attorney.™ 

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Levin Furniture from engaging in future violations of the FLSA; and

(g) For a judgment against Defendants for all damage, relieve, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Michael McCrea*

## JURY DEMAND

Plaintiff Michael McCrea demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™